UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

In re: Jojoseph C. Anoruo,

                    Debtor

_____

Joseph C. Anoruo,

                    Appellant

          v.

Wilmington Savings Fund Society, FSB d/b/a
Christiana Trust,

                    Appellee

Case No. 2:23-cv-00937-CDS

**Order Granting Appellee's Motion to Dismiss, Denying Pending Motions as Moot, and Closing Case**

[ECF Nos. 4, 12, 22]

This action, filed by pro se appellant Joseph Anoruo, is an appeal from the order terminating automatic stay issued by the United States Bankruptcy Court for the District of Nevada.[1] ECF No. 1. Appellee Wilmington Savings Fund Society, FSB (Wilmington Savings) moves to dismiss Anoruo's appeal because it was untimely and because the underlying bankruptcy was dismissed. ECF No. 4 at 2.

Because Anoruo did not timely file his notice of appeal, I dismiss the appeal for lack of jurisdiction. Accordingly, appellant's motion to allow a sur-reply (ECF No. 12) and appellee's motion for extension of time to file answering brief (ECF No. 14) are denied as moot.

I.     **Background**

Anoruo filed a voluntary bankruptcy petition in February 2023. ECF No. 4 at 2. Later that month, Wilmington Savings filed a motion for relief from an automatic stay. *Id.* In April 2023, after a hearing, the bankruptcy court granted Wilmington Savings' motion for relief and issued an order terminating automatic stay. Order Terminating Automatic Stay, Appellee's Ex. 1, ECF No. 27 at 9–11. This order included a certification indicating that the proposed order was

---

[1] The underlying matter is *In re Anoruo*, 23-10402-nmc.

1  delivered to Anoruo's email address. *Id.* at 11. The next day, Anoruo moved to dismiss the chapter

2  7 bankruptcy case. Bankruptcy court docket, Appellee's Ex. 3, ECF No. 27 at 20.

3          On May 23, 2023, the bankruptcy court granted Anoruo's motion to dismiss the chapter

4  7 bankruptcy case. Order Grant. Mot. to Dismiss, Appellee's Ex. 2 at 13. Anoruo filed a notice of

5  appeal from the bankruptcy court's order terminating automatic stay on June 14, 2023.

6  **II.      Discussion**

7          Federal Rule of Bankruptcy 8002(a) provides that an appeal from a bankruptcy court's

8  decision must be filed "within 14 days of the date of entry of the judgment, order, or decree being

9  appealed." Fed. R. Bankr. P. 8002(a)(1). As the Ninth Circuit has held, "[t]he provisions of

10  Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the

11  appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d

12  326, 327 (9th Cir. 1994) *see In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986) (explaining that the Rule

13  8002 time limits will be strictly construed "[b]ecause of the jurisdictional implications.").

14          Here, Arunuo did not file his notice of appeal within 14 days of the bankruptcy court's

15  order granting the motion for relief from automatic stay. It was almost two months after the

16  date of the bankruptcy judge's order before Aronuo filed his notice of appeal, which is well

17  beyond the 14-day limit. *See* ECF No. 1. Thus, I lack jurisdiction to consider the appeal of the

18  dismissal of the bankruptcy case. As appellant's untimely notice of appeal "deprives [this] court

19  of jurisdiction to review the bankruptcy court's order," this court is not inclined to address his

20  appeal on the merits.[2] *See In re Mouradick*, 13 F.3d at 327. The bankruptcy court's decision to

21  dismiss the case is final.

22

23

24

25  _____

[2] In light of this finding, it is not necessary for the court to discuss the appellee's other grounds for denial
26  of the appeal.

III.     Conclusion

IT IS THEREFORE ORDERED that appellee's motion to dismiss **[ECF No. 4] is GRANTED**. Appellant Jospeh Arnuo's appeal is DISMISSED for lack of jurisdiction. The clerk of court is instructed to close this case.

IT IS FURTHER ORDERED that appellant's motion to allow a sur-reply **[ECF No. 12] is DENIED as moot**.

IT IS FURTHER ORDERED that appellee's motion for extension of time to file answering brief **[ECF No. 14] is DENIED as moot**.

DATED: November 16, 2023

_____
Cristina D. Silva
United States District Judge

3